IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CASEY A. MARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-04067-MDH |
| | ) |
| THE CHARTER OAK FIRE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant's Motion to Dismiss in part the First Amended Complaint (Doc. 12). Plaintiff did not respond to the Motion to Dismiss. Defendant argues that the penalties sought in the Complaint under Mo. Rev. Stat. § 375.296 should be dismissed because that statute is inapplicable. Paragraph 2 of the First Amended Complaint correctly alleges that Defendant is "an insurance company authorized to do business in the State of Missouri…" (Doc. 10, ¶ 2). Missouri appellate courts have held, however, that § 375.296 is limited to insurers that are not authorized to do business in the State of Missouri. *See, e.g., Rife v. State Farm Mut. Auto. Ins. Co.*, 833 S.W.2d 42, 44 (Mo. Ct. App. 1992) ("§ 375.296 is applicable only to insurance companies not authorized to do business in this state because that section was passed in 1951 as a part of several sections which dealt with unauthorized insurance companies") (citing *Willis v. Am. Nat. Life Ins. Co.*, 287 S.W.2d 98, 102 (Mo. App. 1956)). *See also Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 66 n.3 (Mo. 2000) (observing without deciding that "[t]here is some authority that a former version of section 375.296, then section 375.168, applies only to insurance companies not incorporated or authorized under the laws of the state").

1

Missouri federal courts have adopted this reasoning of Missouri's state appellate courts to dismiss § 375.296 claims against insurers authorized to do business in the State of Missouri. *See Dozier v. USAA Cas. Ins.*, No. 4:17-CV-02889-JAR, 2019 WL 2552053, at *1 (E.D. Mo. June 20, 2019) ("Because USAA is authorized to transact business in Missouri, Plaintiff cannot recover against it under § 375.296 and it would be futile to amend the complaint to add a claim under that statute"); *Am. Mod. Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2017 WL 2225204, at *1 (E.D. Mo. May 22, 2017) ("To the extent the Thomases invoke § 375.296 as a basis for recovery, I will grant the motion to dismiss. The present state of Missouri law supports American Modern Home's argument that § 375.296 applies only to insurance companies not authorized to transact business in the State of Missouri"); *Irish v. Allied Prop. & Cas. Ins. Co.*, No. 13-05015-CV-SW-JTM, 2013 WL 3773982, at *2 (W.D. Mo. July 18, 2013) (predicting that "the Missouri Supreme Court would find that § 375.296 applies only to insurance companies not authorized to transact business in the State of Missouri"); *Raul Walters Properties, LLC v. Fireman's Fund Ins. Co.*, No. 08-00429-CV-W-DW, 2008 WL 11336920, at *1 (W.D. Mo. Sept. 17, 2008) ("Defendant is an insurance company authorized to do business in Missouri, thus a claim under § 375.296 is inappropriate"); *Walker v. Country Mut. Ins. Co.*, No. 06-00333-CV-WREL, 2007 WL 2249131, at *11 (W.D. Mo. Aug. 1, 2007) ("both statutes authorize additional damages and attorney's fees for an insurer's vexatious refusal to pay; however, § 375.296 is applicable only to insurance companies not authorized to do business in the state").

Because Defendant is authorized to do business in the State of Missouri, the Motion to Dismiss in part is **GRANTED** and the claim for penalties under § 375.296 is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: June 1, 2021 　　　　　　　　　　　　　　　　　　　　*/s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**